JS - 6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

Priority _____
Send _____
Enter _____
Closed _____
JS-5/JS-6 _____
Scan Only _____

**CASE NO.:** CV 12-10847 SJO (JEMx)  **DATE:** January 2, 2013

**TITLE:** Federal National Mortgage Association v. John William Enos, et al.

========================================================================
**PRESENT:** THE HONORABLE S. JAMES OTERO, UNITED STATES DISTRICT JUDGE

Victor Paul Cruz                                    Not Present
Courtroom Clerk                                     Court Reporter

**COUNSEL PRESENT FOR PLAINTIFF:**         **COUNSEL PRESENT FOR DEFENDANTS:**

Not Present                                         Not Present

========================================================================
**PROCEEDINGS (in chambers): ORDER REMANDING CASE TO SANTA BARBARA COUNTY SUPERIOR COURT** [Docket No. 1]

This matter is before the Court on Defendants John William Enos, Kathy Enos, and Wayne Hood (collectively, "Defendants") Notice of Removal ("Notice"), filed December 20, 2012. For the following reasons, the Court **REMANDS** this action to the Superior Court of California for the County of Santa Barbara ("State Court").

1.  FACTUAL AND PROCEDURAL BACKGROUND

Defendants possessed real property located at 946 West Nartatez Court, Santa Maria, CA 93458 ("Property") (Notice Ex. 2 ("Complaint"), at 1, ECF No. 1.) On October 11, 2012, Plaintiff brought suit against Defendants in State Court for unlawful detainer of the Property (*See generally* Compl.) On December 20, 2012, Defendants removed this action to federal court, asserting removal jurisdiction pursuant to 28 U.S.C. § 1331. (Notice 2.)

2.  DISCUSSION

"[A] court may raise the question of subject matter jurisdiction, *sua sponte*, at any time during the pendency of the action, even on appeal." *Snell v. Cleveland, Inc.*, 316 F.3d 822, 826 (9th Cir. 2002). A district court must remand the case "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction." 28 U.S.C. § 1447(c). The Court finds it appropriate to determine, *sua sponte*, whether it has subject matter jurisdiction over this action.

28 U.S.C. § 1441 provides that a defendant may remove an action to federal court only where the federal court would have had jurisdiction if the action had been brought there originally. 28 U.S.C. § 1441(a). It is well established, however, that courts "strictly construe the removal statute against removal jurisdiction." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Id.* "The

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES - GENERAL**

CASE NO.: <u>CV 12-10847 SJO (JEMx)</u>　　　DATE: <u>January 2, 2013</u>

strong presumption against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." *Id.* (internal quotation marks omitted).

Under 28 U.S.C. § 1331, federal courts have jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. A case "arises under" federal law if a plaintiff's "well-pleaded complaint establishes either that federal law creates the cause of action" or that the plaintiff's "right to relief under state law requires resolution of a substantial question of federal law in dispute between the parties." *Franchise Tax Bd. v. Constr. Laborers Vacation Trust for S. Cal.*, 463 U.S. 1, 13 (1983). Pursuant to the well-pleaded complaint rule, a case may not be removed to federal court on the basis of a federal defense to a state-law claim. *See Caterpillar Inc. v. Williams*, 482 U.S. 386, 393 (1987). The well-pleaded complaint rule makes a plaintiff the "master of his complaint" such that a plaintiff may avoid federal jurisdiction by pleading only state-law claims. *Balcorta v. Twentieth Century-Fox Film Corp.*, 208 F.3d 1102, 1106 (9th Cir. 2000).

The Court has no subject matter jurisdiction over this case based on the well-pleaded complaint rule. Defendants' own description of the Complaint indicates that Plaintiff brought this case in state court for unlawful detainer; Defendants never allege that Plaintiff raised any issues of federal law in its Complaint. (*See generally* Notice.) Instead, Defendants improperly seek to assert federal question jurisdiction based on their own assertions of rights under the U.S. Constitution. (Notice 2.) Defendants may not usurp Plaintiff's complaint by attempting to add federal issues in their defense. The Court therefore does not have subject matter jurisdiction over the case, and removal was improper.

3.　　<u>RULING</u>

For the foregoing reasons, the Court **REMANDS** this action to the Superior Court of California for the County of Santa Barbara. This action shall close.

IT IS SO ORDERED.

```
cc: order, docket, remand letter to
Santa Barbara County Superior Court,
Santa Maria Civil Division Judicial
District, No. 1394266
```